UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DESSIE M. SANDERS**                                          **CIVIL ACTION**

**VERSUS**                                                     **NO. 14-845**

**DILLARD UNIVERSITY**                                         **SECTION "J" (3)**

## ORDER

On May 5, 2014, *pro se* plaintiff Dessie M. Sanders' Application for Appointment of Attorney Pursuant to 42 U.S.C. 2000e-5(f)(1) [Doc. #4] came on for oral hearing by telephone before the undersigned. Present was Dessie M. Sanders. After the oral hearing, the Court took the motion under advisement. Having reviewed the motion and the case law, the Court rules as follows.

**I.     Background**

On April 14, 2014, *pro se* plaintiff, Dessie M. Sanders, filed this complaint against her employer Dillard University. On September 9, 2013, Sanders began employment as an Adjunct Professor, English. Sanders alleges that the Coordinator of the English Department, Dr. Mona Lisa Saloy, a black female, discriminated against her because she refused to help her devise a plan to constructively terminate the employment of two white female colleagues. Sanders alleges that Saloy believed that the white professors should not be teaching African-American literature. Sanders contends that Saloy then retaliated against her academic scholarship and attacked her health and professionalism. She maintains that Saloy's retaliation resulted in the denial of her right to take medical leave. She alleges that Saloy harassed and retaliated against her because of her race.

Sanders now sues defendant for race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

## II.     Law and Analysis

The Court's power to "appoint counsel" is derived from 28 U.S.C. § 1915(e)(1), which provides that the "court may request an attorney to represent any person unable to afford counsel." Plaintiff does not have either a constitutional right or an automatic right to appointed counsel in a civil case. *See Caston v. Sears, Roebuck & Co.,* 556 F.2d 1305, 1309 (5th Cir. 1977). Unlike a criminal defendant, an indigent civil rights litigant, even if currently incarcerated, does not have a right to appointed counsel absent "exceptional circumstances." *See Norton v. E.U. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997)*; Akasike v. Fitzpatrick,* 26 F.3d 510, 512 (5th Cir. 1994); *Vitug v. Merit Sys. Protection Bd.*, Civ. A. No. 01-3297, 2002 WL 1216023 (E. D. La. June 4, 2002) (Shushan, M. J.); *Sly v. Stalder*, 2002 WL 31371958 (E. D. La.) (Wilkinson, M. J. Oct. 17, 2002). Indeed, the federal court has considerable discretion in determining whether to make such an appointment in a civil case. *See Salmon v. Corpus Christi Indep. School Dist.*, 911 F.2d 1165, 1166 (5th Cir. 1990). The Court has discretion to appoint counsel in such a case if doing so would advance the proper administration of justice. *See Ulmer v. Chancellor,* 691 F.2d 209, 212-13 (5th Cir. 1982); *Salmon*, 911 F.2d at 1166. The plaintiff bears the burden of persuasion as to the necessity of such an appointment. *See Caston,* 556 F.2d at 1310.

The evidence which must be adduced include,

(1)     plaintiff's indigence and
(2)     efforts made to secure counsel; however these are bare minimum *threshold* considerations.

Additionally, the Court should consider the following factors:

(a)     the type and complexity of the case;
(b)     whether the indigent is capable of presenting his case adequately;
(c)     whether he is in a position to investigate his case adequately; and
(d)     whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination.

*Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir.1992); *Ulmer*, 691 F.2d at 213.  The Court should also consider whether appointment of counsel would be of service to the court and the defendant by sharpening the issues in the case.  *Id.*

Having reviewed the factors, the Court finds that exceptional circumstances do not exist in this lawsuit so as to warrant the appointment of counsel.  Sanders is a substitute teacher for the Dallas Independent School District.  She earns $75.00 per day and usually works two to three times a week.  She also supports one child.  The Court also allowed Sanders to proceed *in forma pauperis* in this lawsuit.  [Doc. #3].  For purposes of the appointment of counsel, she is thus indigent.  And while Sanders represented to the Court that she has attempted to retain an attorney to represent her, there was no evidence specific to this prong of the inquiry.

The Court further finds that none of the other factors weighs in favor of granting the motion.  The Court's telephone conference revealed that Sanders is an eloquent, well-spoken individual who alone handled her case before the Equal Employment Opportunity Commission ("EEOC").  She prepared all of the paperwork and pleadings before that body.  At the hearing, she had no difficulty outlining in detail the alleged discrimination that she suffered at the hands of her colleagues.  She has both Bachelor's and Master's degrees and needs only to complete her dissertation to receive her Ph.D. in Literary Studies.  The Court has no doubt that she will be able to present her case and

3

investigate it adequately.  As in most Title VII lawsuits, there does not appear at this time to be much in the way of documentary evidence.  Sanders indicated only that she would call several witnesses at trial, and she easily outlined the substance of their potential testimony at the telephone hearing.  Evidence will thus consist mainly of straightforward factual testimony of witnesses, and the use of experts appears unlikely.   The Court finds that because this case is not complex, this is not the type of *extraordinary* case in which appointment of counsel will necessarily assist either the parties or the Court with the presentation or the sharpening of the issues.

The Court recognizes that every litigant benefits by having an attorney.  However, the burden is on Sanders to demonstrate that, unique from other *pro se* litigants, she will have particular difficulty in investigating and presenting her case such that her situation justifies the special benefit of having counsel appointed to represent her.  The Court finds that Sanders has not met that burden here.

### III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the plaintiff's Application for Appointment of Attorney Pursuant to 42 U.S.C. 2000e-5(f)(1) [Doc. #4] is DENIED.

New Orleans, Louisiana, this 2nd day of June, 2014.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**